Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Daniela LaBounty, Esq.
Nevada Bar No. 13169
*dlabounty@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

*Attorneys for Defendant*
*Arctic Cat Inc. erroneously named as*
*Artic Cat, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIK E. MOORE, an Individual,<br><br>       Plaintiff,<br><br>vs.<br><br>ARTIC CAT, INC., a Minnesota Corporation doing business in Nevada; DOES I through X; and ROE BUSINESS ENTITIESI through XX inclusive,<br><br>       Defendants. | Case No.: 2:23-cv-00047-RFB-VCF<br><br>(Removed from the District Court of Clark County, Nevada, Case No. A-22-859224-C, Dept. 16)<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY**<br><br>**(First Request)** |

Pursuant to Local Rule 7-1, Plaintiff ERIK E. MOORE ("Plaintiff") by and through his attorneys of record, CHRISTIANSEN TRIAL LAWYERS, and Defendant Arctic Cat Inc., erroneously named as Artic Cat, Inc., ("Defendant"), by and through its attorneys of record WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, hereby request that the Court stay discovery and the filing of the Discovery Plan/Scheduling Order due by February 22, 2023, pending the Court's ruling on Defendant's Motion to Dismiss (ECF No. 5). The parties stipulate and agree as follows:

1. On September 30, 2022, Plaintiff filed his Complaint alleging two causes of action for (1) Strict Liability and (2) Intentional Misrepresentation against Defendant. *See* ECF

No. 1, Exhibit A. Defendant was served with the Summons and Complaint on December 19, 2022. *Id.*

2.      On January 9, 2023, Defendant removed the matter to Federal Court. *Id.*

3.      On January 13, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(2) and FRCP 12(b)(6). ECF No. 5. Defendant's Motion seeks dismissal arguing that Plaintiff's claim for strict liability is time barred, Plaintiff's claim for intentional misrepresentation does not meet the pleading standard required by FRCP 9(b), and that this Court does not have personal jurisdiction over Defendant. *Id.* If granted in its entirety, the Motion would dispose of Plaintiff's case in its entirety.

4.      Plaintiff filed an opposition to Defendant's Motion on January 31, 2023. ECF No. 7. Defendant filed its Reply thereto on February 7, 2023. ECF No. 8.

5.      Courts have broad discretionary power to control discovery. *See Wilmington Sav. Fund Soc'y FSB v. El*, 2019 WL 6310718, at *1 (D. Nev. Nov. 25, 2019) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action." *Id.* Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *Id.* (*citing Twin City Fire Ins. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Col.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 13, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). This Court applies a three-part test to determine whether a stay is appropriate pending resolution of a dispositive motion: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Wilmington Sav. Fund Soc'y FSB*, 2019 WL 6310718, at *1 (*citing Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013)).

6.      Here, the parties stipulate and agree that Defendant's Motions to Dismiss Plaintiff's Complaint, is potentially dispositive and may be decided without additional discovery. Additionally, Defendant's Motion addresses this court's jurisdiction over Defendant, which is a scenario where a stay may warranted. *See Twin City Fire Ins. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

7.      Based on the foregoing, the parties stipulate and agree that discovery shall be stayed pending resolution of the Motion to Dismiss, that the Rule 26(f) conference shall be held within ten (10) days of this Court's ruling on these motions, and that the parties shall submit their discovery plan pursuant to Rule 26 and LR 16-1within fourteen (14) days of the Rule 26(f) conference.

DATED this 10th day of February, 2023.          DATED this 10th day of February, 2023.

*/s/ Daniela LaBounty*                                      */s/ Whitney J. Barrett (with permission)*
Carol P. Michel, Esq.                                       Peter S. Christiansen, Esq.
Daniela LaBounty, Esq.                                   R. Todd Terry, Esq.
WEINBERG, WHEELER, HUDGINS,                    Kendelee L. Works, Esq.
  GUNN & DIAL, LLC                                        Whitney J. Barrett, Esq.
6385 S. Rainbow Blvd., Suite 400                  Keely P. Chippoletti, Esq.
Las Vegas, NV 89118                                     CHRISTIANSEN TRIAL LAWYERS
*Attorneys for Defendant*                             710 S. 7th Street, Suite B
*Arctic Cat Inc. erroneously named as*          Las Vegas, NV 89101
*Artic Cat, Inc.*                                            *Attorneys for Plaintiff*

IT IS HEREBY ORDERED that an in-person status hearing is scheduled for 10:00 AM, September 7, 2023.  If the motion to dismiss is still pending, the parties may stipulate to continue the status hearing.

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

DATED ___2-14-2023_____

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I am an employee of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and that on the 10th day of February, 2023, I served a true and correct copy of the foregoing **STIPULATION AND ORDER TO STAY DISCOVERY** by e-service, in accordance with the Electronic Filing Procedures of the United States District Court, to the following:

Peter S. Christiansen, Esq.
pete@christiansenlaw.com
R. Todd Terry, Esq.
tterry@christiansenlaw.com
Kendelee L. Works, Esq.
kworks@christiansenlaw.com
Whitney J. Barrett, Esq.
wbarrett@christiansenlaw.com
Keely P. Chippoletti, Esq.
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, NV 89101
(702) 240-7979
(866) 412-6992 FAX
*Attorneys for Plaintiff*

*/s/ Kelly L. Pierce*
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC